UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No: 2:24-cr-41-JAW |
| ) | |
| GABRIEL SANCHEZ ) | |

**DEFENDANT'S MOTION TO COMPEL**

Defendant Gabriel Sanchez, through his counsel Heather Gonzales, moves for an Order compelling the Government to produce exculpatory evidence, so-called "*Brady* material," mandated by the U.S. Constitution, the Due Process Protection Act, Pub.L.No. 116-182-134 Stat. 894 (Oct. 21, 2020), Rule 5(f) of the Federal Rules of Criminal Procedure, and this Court's specific Order on December 6, 2023 to disclose such evidence (ECF No. 16).

## BACKGROUND

On September 20, 2023, Gabriel Sanchez was arrested by officers from the Auburn Police Department following a search of a tent that yielded a handgun. Mr. Sanchez was charged by the Androscoggin County District Attorney's Office with Unlawful Possession of a Firearm due to his prior felony convictions. Unable to post bail, Mr. Sanchez was held at the Androscoggin County Jail. The U.S. Attorney's Office opted to take the case and a Complaint was filed in this matter on December 4, 2023 charging Mr. Sanchez with Felon in Possession of a Firearm. (ECF No. 1). In support of the Complaint was the sworn affidavit of Dominic Cloutier, TFO/ATF. Mr. Sanchez transferred into federal custody on December 6, 2023 and made his Initial Appearance the same day.

TFO Cloutier's affidavit raised several questions, and the Court went forward with a Preliminary Hearing during Mr. Sanchez's Initial Appearance. During that hearing, TFO Cloutier

1

testified that the bases of his sworn statements in the affidavit were discussions with one of the arresting officers, Auburn P.D. Sgt. Nicholas Gagnon, Gagnon's affidavit in support of a warrant to search the tent, and police narrative reports. After Det. Cloutier's direct examination, the hearing was continued to afford the Government time to produce witness statements pursuant to Fed. R. Crim. P. 26.2. The court entered an Order pursuant to the Due Process Protection Act reminding the Government of its obligation to disclose in a timely manner all exculpatory evidence to the defendant. (ECF No. 16).

On December 8, 2023, the Government produced witness statements consisting in part of body worn camera (BWC) videos from four officers involved in Mr. Sanchez's arrest on September 20th, narrative reports, and Gagnon's affidavit. The Preliminary Hearing resumed on December 12, 2023. TFO Cloutier testified that he had not reviewed any videos. He was unaware that the videos depicted circumstances that were inconsistent with his own affidavit, as well as Gagnon's. He was unaware that both affidavits failed to include significant circumstances depicted on the BWC videos. The foregoing misrepresentations and omissions were the subject of Mr. Sanchez's Motion for a *Franks* hearing (ECF. No. 43), which was granted on August 15, 2024 (ECF No. 54).

Following the Preliminary Hearing, the parties engaged in discussions concerning the misrepresentations and omissions in Cloutier's and Gagnon's affidavits. Defense counsel urged the Government to dismiss the charge against Mr. Sanchez, suggesting that either officer's grand jury testimony, if consistent with the BWC videos, likely would not establish probable cause to indict. The Government requested an extension of the Speedy Trial deadline in order to consider Mr. Sanchez's position. Mr. Sanchez consented. The deadline to indict was extended to January 24, 2024. (ECF No. 18). As Mr. Sanchez awaited the Government's decision whether to move

forward with the charge against him, he consented to another extension of the deadline to indict to February 23, 2024. (ECF Nos. 20).

On February 5, 2024, defense counsel learned through a colleague about a prior federal case involving Gagnon, *U.S. v. Tyson Cote*, District of Maine No. 2:22-cr-26-JNL. In the *Cote* case, the Government was required to file a letter ("AUSA Heimbach's letter") with the court <u>correcting misrepresentations</u> it had made in court filings in reliance on statements from Gagnon that proved to be false. *Id.* (ECF No. 65). *See* Attachment A. Pending in the *Cote* case at the time of AUSA Heimbach's letter **was the defendant's Motion for a *Franks* hearing.** Shortly after AUSA Heimbach's letter was filed, the presiding judge, Hon. Joseph Laplante of the U.S. District Court, District of New Hampshire, held a video conference of counsel on August 31, 2022. (ECF No. 66). During the conference, Judge Laplante indicated that although he had never granted a motion for a *Franks* hearing, he was inclined to do so in Mr. Cote's case.

On September 2, 2022, the Government filed a Motion for Leave to File a dismissal of the *Cote* case. ECF No. 70. The *Cote* case was dismissed on September 6, 2022. (ECF No. 73).

In the instant case, the Government failed to provide any information concerning the *Cote* dismissal and Gagnon's involvement therein. Upon inquiry by defense counsel as to the Government's failure to disclose information related to Gagnon and the *Cote* dismissal, AUSA Nathans indicated that he was unaware of the circumstances underlying the *Cote* dismissal. Mr. Sanchez agreed, again, to another extension of the Speedy Trial deadline so that the *Cote* dismissal could be "looked into." (ECF No. 22).

On or about February 28, 2024. Mr. Sanchez agreed to another extension of the Speedy Trial deadline as the Government continued to "look into" the *Cote* dismissal, as well as the issues with Gagnon's affidavit in Mr. Sanchez's case.

On March 20, 2024, the grand jury returned an Indictment in this matter that mirrored the Complaint. (ECF No. 25). Mr. Sanchez was arraigned on March 26, 2024 at which time his Not Guilty plea was entered. (ECF No. 29). The following day, Mr. Sanchez served the Government with his formal discovery request, with a focus on the Government's obligations under the Due Process Protection Act, Fed. R. Crim. P. 5(f) and *Brady v. Maryland*, 373 U.S. 83 (1963. *See* Attachment B. To date, the Government has not responded to Mr. Sanchez's *Brady* requests and has provided no information on the *Cote* dismissal, despite numerous reminders from defense counsel as to the Government's obligations.

## ARGUMENT AND LAW

The Government must disclose evidence favorable to the accused and material to guilt or punishment. *United States v. Prochilo*, 629 F.3d 264, 266 (1st Cir. 2011). Evidence is "favorable to the accused" if it is either exculpatory or impeaching in nature. The government is primarily responsible for deciding what evidence it must turn over. *Prochilo*, 629 F.3d at 268. However, it must err on the side of disclosure. Such disclosure "will serve to justify trust in the prosecutor as the representative … of a sovereignty … whose interest … in a criminal prosecution is not that it shall win a case, but that justice shall be done. *Kyles v. Whitley*, 514 U.S. at 439).

The United States Department of Justice's own policy mandates a broad view of materiality: ("Recognizing that it is sometimes difficult to assess the materiality of evidence before trial, prosecutors generally must take a broad view of materiality and err on the side of disclosing exculpatory and impeaching evidence"). United States Department of Justice 9-5.001- Policy Regarding Disclosure of Exculpatory and Impeachment Information. Department of Justice policy also suggests that the government should err on the side of disclosure. *See* United States Department of Justice 9-5.001- Policy Regarding Disclosure of Exculpatory and

4

Impeachment Information C.2 ("A prosecutor must disclose information that either casts a substantial doubt upon the accuracy of any evidence—including but not limited to witness testimony—the prosecutor intends to rely on to prove an element of any crime charged, *or might have a significant bearing on the admissibility of prosecution evidence.*") (emphasis added); *see also Smith v. United States*, 666 A.2d 1216, 1224-25 (D.C. 1995) (witness statement should have been disclosed under *Brady* because it called into question whether prosecution's evidence could be admitted as a "spontaneous utterance"); *United States v. Gamez-Orduno*, 235 F.3d 453, 461 (9th Cir. 2000) (*Brady* violated in pretrial context by suppression of report that would have demonstrated that defendants had Fourth Amendment standing to challenge search); *Nuckols v. Gibson*, 233 F.3d 1261, 1266-67 (10th Cir. 2000) (*Brady* violation when government failed to disclose allegations of theft and sleeping on the job of police officer whose testimony was crucial to the issue of whether a Miranda violation had occurred—and thus, crucial to the admissibility of the confession); *Smith v. Black*, 904 F.2d 950, 965-66 (5th Cir. 1990) (nondisclosure of *Brady* information may have affected fact finder's findings at the suppression hearing).

In this case, at the very least, the Government was obligated to provide information to Mr. Sanchez regarding misrepresentations by Gagnon in the *Cote* case, as well as the dismissal itself. The Government's failure to respond at all to Mr. Sanchez's *Brandy* requests makes a mockery of the Due Process Protection Act, Rule 5(f) of the Federal Rules of Criminal Procedure, and the Supreme Court's holdings in *Brady* and its progeny. The time has come to compel the Government to provide <u>immediately</u> the information requested in Attachment B, and all other exculpatory information. Failure to do so should merit a dismissal of this case.

For the reasons herein, Mr. Sanchez requests that the Court enter an Order compelling the Government to meaningfully respond to Mr. Sanchez's request for *Brandy* material and that failure to do so by the end of the day on August 19, 2024 will be grounds for dismissal.

Dated:  August 16, 2024				Respectfully submitted,

						/s/Heather Gonzales, Esq.
						Attorney for Defendant
						Assistant Federal Public Defender
						P.O. Box 595
						Portland, Me 04112-0595
						207-553-7070
						FAX: 553-7017
						Heather_gonzales@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing Motion to Compel with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

Dated:  August 16, 2024				/s/Heather Gonzales, Esq.
						Attorney for Defendant